252-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MUR SHIPPING B.V.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax



Peter J. Gutowski (PG 2200)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MUR SHIPPING BV,

                                  Plaintiff,

   - against –

AGRENCO MADEIRA COMERCIO
INTERNACIONAL LDA,

                                  Defendant.
------------------------------------------------------------------x

08 CIV _____ (    )

**VERIFIED COMPLAINT**

Plaintiff MUR SHIPPING B.V. (hereinafter "MUR SHIPPING"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA, (hereinafter, "AGRENCO"), alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the recognition and enforcement of a foreign maritime arbitration award. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.*, and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times relevant hereto, MUR SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Atrium Building, Strawinskylaan, 3011, NL 10077 ZX, Amsterdam, The Netherlands.

3. At all times relevant hereto, Defendant AGRENCO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business c/o Banchero Costa and Co Spa, Via Pammatone 2, 16121 Genoa, Italy.

4. By a maritime contract contained in and evidenced by a fixture recap dated April 2, 2007, Plaintiff MUR SHIPPING as Disponent Owner chartered the AFRICAN KALAHARI to Defendant AGRENCO as Charterer to carry a cargo of about 25,000 metric tons of soya beans from Sao Francisco Do Sul, Brazil to Fredrickstad, Norway.

5. The parties agreed that any disputes be referred to a sole arbitrator under the LMAA Small Claims Procedure in London.

6. Disputes arose between the parties, specifically, MUR SHIPPING's claim against AGRENCO for deadfreight. London arbitration proceedings were subsequently commenced.

7. On April 15, 2008, after having found in favor of MUR SHIPPING, the London arbitrator issued an Award (attached hereto as **Exhibit A**) holding as follows:

    a. AGRENCO to pay MUR SHIPPING $28,557.17 together with compound interest thereon at the rate of 7% per annum from May 10, 2007 until the date of payment;

    b. AGRENCO to pay MUR SHIPPING's costs of the reference pursuant to the LMAA Small Claims Procedure;

    c. AGRENCO to reimburse the LMAA SCP fixed fee to Owners; and

      d. MUR SHIPPING to be entitled to compound interest at the rate of 7% per annum compounded at three monthly rests on any sums payable to them under paragraphs (b) and (c) from the date of the Award until the date of payment or reimbursement as appropriate.

8. Under English law, the underlying claim is considered maritime and the Award entered in the London Arbitration is considered a maritime arbitration award.

9. AGRENCO submitted their own written submissions and participated in the proceedings against it.

10. AGRENCO has made no payment against the Award.

11. The Award should be recognized and enforced as a judgment of this Court pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.*, and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

12. In all, the claim for which MUR SHIPPING sues in this action, as near as presently may be estimated, is calculated as follows (see Owner's calculation attached as **Exhibit B**):

      a. Principle Claim awarded: $28,557.17

      b. Cost of reference: $4,922.00

      c. Reimbursement of fixed fee: $3,445.40

      d. Interest awarded on principle claim through May 10, 2008: $2,052.09 (Owner's calculation on interest through February, 2008 as set forth in Exhibit B is revised here through May 2008)

for a total claim in this action of **$38,976.66**, together with any interest, costs and attorneys' fees incurred in this action as this Court deems appropriate, no part of which has been paid by AGRENCO.

13. MUR SHIPPING also seeks security in support of its claim in the amount of $38,976.66.

14. Upon information and belief, and after investigation, Defendant AGRENCO cannot be "found" within this district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, from, or for the benefit of Defendant AGRENCO (hereinafter, "ASSETS"), including but not limited to ASSETS, at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff MUR SHIPPING prays:

a. That process in due form of law according to the practice of this Court issue against Defendant AGRENCO, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of **$38,976.66**, together with interest, costs and attorneys' fees incurred in this action as this Court deems appropriate;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to

and including the sum of **$38,976.66** be restrained and attached, including but not limited to any cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of, belonging to, due to, from, or for the benefit of Defendant AGRENCO (collectively "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court recognize and enforce the London Arbitration Award in favor of Plaintiff MUR SHIPPING and against Defendant AGRENCO, and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 6, 2008

          FREEHILL HOGAN & MAHAR, LLP
          Attorneys for Plaintiff
          MUR SHIPPING B.V.

By: _____
       /Peter J. Gutowski (PG 2200)
       80 Pine Street
       New York, NY 10005
       (212) 425-1900
       (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
6th day of May, 2008

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

# EXHIBIT A

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

B E T W E E N :-

MUR SHIPPING BV, Amsterdam

**Claimants**
(Owners)

- and –

AGRENCO MADEIRA COMERCIO INTERNACIONAL LDA

**Respondents**
(Voyage Charterers)

"AFRICAN KALAHARI"

**Charterparty dated 2nd April 2007**

---

FINAL ARBITRATION AWARD

---

W H E R E A S:-

1. By a contract contained in and evidenced by a fixture recapitulation email dated 3rd April 2007, on 2nd April 2007 the Claimants (hereinafter referred to as "the Owners") chartered the "AFRICAN KALAHARI" to the Respondents (hereinafter referred to as "the Charterers") for a charterparty on an amended Synacomex form

    to carry a cargo of soya beans in bulk from San Francisco Do Sul in Brazil to Frederikstad in Norway.

2.    Disputes arose between the parties as detailed hereafter. The parties agreed that they should be referred to me, Mark William Hamsher of 18c Ensign Street, London E1 8JD, as the sole arbitrator under the LMAA Small Claims Procedure. The seat of the arbitration is in London.

3.    Initially the Owners claimed deadfreight and other sums due on the final balance of accounts in the amount of US$88,319.72. Following the settlement of the majority of the claims, the Owners claimed US$28,557.17 in respect of deadfreight together with interest and costs. The Charterers denied liability for the claims.

4.    I received written submissions from the Owners' South African attorneys and from the Charterers themselves. In accordance with the current edition of the LMAA Small Claims Procedure, the parties are entitled to receive a reasoned award but, in agreeing to submit their disputes under the LMAA Small Claims procedure, they agreed to give up any rights of possible appeals to the English courts.

5.    NOW I the said Mark William Hamsher, having taken upon myself the burden of this reference, having considered the written evidence and arguments submitted to me, DO HEREBY MAKE, ISSUE AND PUBLISH this my FINAL AWARD as follows:-

A)   I FIND that the Owners' claim for US$28,557.17 succeeds in full.

B)   I THEREFORE AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners US$28,557.17 (twenty-eight thousand, five hundred and fifty-seven dollars and seventeen cents) together with compound interest thereon at the rate of 7% per annum from 10th May 2007 until the date of payment.

C)   I FURTHER AWARD AND ADJUDGE that the Charterers shall bear their own and the Owners' costs of the reference within the limits laid down by the LMAA Small Claims Procedure.

D)   I FURTHER AWARD AND ADJUDGE that the Charterers shall bear the fixed LMAA Small Claims Procedure fee in the amount of £1,750.00 paid in the first instance by the Owners and the Owners shall be entitled to prompt reimbursement of that sum.

E)   I FURTHER AWARD AND ADJUDGE that the Owners shall be entitled to compound interest on any sums payable to them under paragraphs C and D above at the rate of 7% per annum compounded at three monthly rests from the date of this award until the date of payment or reimbursement as appropriate.

- 4 -

GIVEN under my hand in London this             day of April 2008

…………………………………………..           ………………………………………

Sole Arbitrator                                 Witness

# EXHIBIT B

Date today : 15 April 2008

**"AFRICAN KALAHARI" C/P 2.4.07**
**Final Arbitration Award dated 15 April 2008**

*- SUMMARY OF AMOUNT DUE BY AGRENCO (charterers) TO MUR (owners) -*

1   **PAGE 3 PARAGRAPH B OF AWARD**
    **Claim Awarded to Owners, MUR**                                  **$28,557.17**

2   **PAGE 3 PARAGRPH B OF AWARD**
    Calculation of interest on 1 above

| DATE | US$ AMOUNT | INTEREST 7.00% | US$ TOTAL |
|---|---|---|---|
| 10-May-07 | $28,557.17 | | |
| 10-Aug-07 | $28,557.17 | $499.75 | $29,056.92 |
| 10-Nov-07 | $29,056.92 | $508.50 | $29,565.42 |
| 10-Feb-08 | $29,565.42 | $517.39 | $30,082.81 |
| 10-May-08 | $30,082.81 | $526.45 | $30,609.26 |

    Interest up to 10 February 2008 amounts to =                      **$1,525.64**

3.1 **PAGE 3 PARAGRPH C OF AWARD**
    Charterers to pay owners' costs of the reference LMAA Small Claims
    Procedure costs GBP         2,500.00
    X forex rate today          1.9688 =                              **$4,922.00**

3.2 **PAGE 3 PARAGRAPH E OF AWARD**
    Interest on 3.1

| DATE | US$ AMOUNT | INTEREST 7.00% | US$ TOTAL |
|---|---|---|---|
| 15-Apr-08 | $4,922.00 | | |
| 15-Jul-08 | | $86.14 | $5,008.14 |

                                                                       **$0.00**

4.1 **PAGE 3 PARAGRPH D OF AWARD**
    Charterers to reimbrurse LMAA SCP fixed fee to owners
    LMAA SCP fee GBP            1,750.00
    X forex rate today          1.9688 =                              **$3,445.40**

4.2 **PAGE 3 PARAGRAPH E OF AWARD**
    Interest on 4.1

| DATE | US$ AMOUNT | INTEREST 7.00% | US$ TOTAL |
|---|---|---|---|
| 15-Apr-08 | $3,445.40 | | |
| 15-Jul-08 | | $60.29 | $3,505.69 |

                                                                       **$0.00**

**TOTAL 1 + 2 + 3.1 + 4.1 =**                                          **$38,450.21**